UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ARTHUR CAMPBELL,<br>    Petitioner, | Case No. 1:14-cv-49 |
| vs. | Dlott, J.<br>Bowman, M.J. |
| WARDEN, CHILLICOTHE<br>CORRECTIONAL INSTITUTION,<br>    Respondent. | **REPORT AND<br>RECOMMENDATION** |

Petitioner, an inmate in state custody at the Chillicothe Correctional Institution in Chillicothe, Ohio, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). This matter is before the Court on respondent's motion to dismiss filed March 20, 2014. (Doc. 7). Petitioner has filed a brief opposing respondent's motion, as well as additional pleadings supplementing his opposition memorandum. (Docs. 8-10).

**I. PROCEDURAL HISTORY**

### State Trial Proceedings

On June 4, 2012, the Hamilton County, Ohio, grand jury returned an indictment charging petitioner with one count of rape in violation of Ohio Rev. Code § 2907.02(A)(2) and one count of aggravated burglary in violation of Ohio Rev. Code § 2911.11(A)(1). (Doc. 7, Ex. 1).

It appears from the record that petitioner's trial counsel requested and obtained four continuances of the trial date—first to August 1, 2012, next to August 7, 2012, then to September 24, 2012, and finally to November 28, 2012. (*See id.*, Exs. 2, 22). In the meantime, petitioner filed a *pro se* motion on July 2, 2012 demanding a "fast and speedy trial" and another *pro se* motion on September 17, 2012 to dismiss the indictment "on the grounds that the statutory time

limit within which to bring him to trial has expired." (*See id.*, Exs. 3-4). On September 24, 2012, the trial court denied petitioner's *pro se* motion to dismiss "per speedy trial." (*Id.*, Ex. 5).

Thereafter, on November 29, 2012, petitioner waived his right to a jury trial and entered a guilty plea to a reduced charge of sexual battery in violation of Ohio Rev. Code § 2907.03 in exchange for the dismissal of the aggravated burglary count and an agreed-to 36-month prison sentence. (*See id.*, Ex. 6 & Ex. 12, p. 2). In an entry filed December 5, 2012, the trial court sentenced petitioner in accordance with the plea agreement to a 36-month prison term with credit for time served. (*Id.*, Ex. 6).

## Habeas Corpus Petition – Ohio Court of Appeals

On November 7, 2012, prior to entering his guilty plea to the reduced sexual battery charge, petitioner filed a *pro se* petition for a writ of habeas corpus with the Ohio Court of Appeals, First Appellate District. (Doc. 7, Ex. 7). In the petition, petitioner asked the state appellate court to dismiss the criminal charges because the State had violated his constitutional right to a speedy trial. (*Id.*). The State filed a motion to dismiss the petition on the ground that petitioner had failed to comply with Ohio Rev. Code § 2725.04 because he did not "specify the person by whom he is confined" or "the place he is imprisoned" and did not "attach a copy of his commitment papers" to his petition. (*Id.*, Ex. 8).

On November 28, 2012, the Ohio Court of Appeals found the State's motion to be "well taken" and granted the motion to dismiss. (*Id.*, Ex. 9). Apparently, petitioner did not pursue an appeal from that decision to the Ohio Supreme Court. (*See id.*, Brief, p. 2).

## Motion For Delayed Appeal – Ohio Court of Appeals

On April 1, 2013, petitioner filed a *pro se* notice of appeal and motion for leave to file a

delayed appeal from the trial court's December 5, 2012 final judgment entry to the Ohio Court of Appeals, First Appellate District. (*See* Doc. 7, Exs. 10-11 & Ex. 22). Petitioner claimed as cause for his delay in filing that his attorney "was unwilling to address the issue of the constitutional and statutory violation of [petitioner's] right to a fast and speedy trial, along with the violation of constitutional right(s) of effective assistance of counsel," and "refused to assist [petitioner] in any way even after [counsel] said he would." (*Id.*).

On April 24, 2013, the Ohio Court of Appeals overruled petitioner's motion for leave to file a delayed appeal on the ground that petitioner had "failed to provide sufficient reasons for failure to perfect an appeal as of right." (*Id.*, Ex. 13). Respondent states that petitioner did not pursue an appeal from the denial of his delayed appeal motion to the Ohio Supreme Court. (*Id.*, Brief, p. 3).

## State Post-Conviction Proceedings

Petitioner next filed identical *pro se* petitions for post-conviction relief with the trial court on May 28 and June 4, 2013. (Doc. 7, Exs. 14-15). In the petitions, petitioner essentially claimed that he was denied his constitutional right to a "fast and speedy trial" and that his trial counsel was ineffective for failing to protect his speedy trial rights. (*See id.*).[1]

On November 13, 2013, the trial court denied petitioner's request for post-conviction relief. (*Id.*, Ex. 19). The court reasoned that (1) petitioner's guilty plea "waived any speedy trial issues"; and (2) petitioner had "failed to submit evidentiary material setting forth sufficient operative facts to demonstrate substantive grounds for relief." (*Id.*). It appears from the record

---

[1] Petitioner also filed a motion for judicial release with the trial court on June 13, 2013. (Doc. 7, Ex. 16). The trial court denied the motion in an entry filed August 1, 2013. (*Id.*, Ex. 18).

that petitioner did not pursue an appeal from that decision to the Ohio Court of Appeals. (*See id.*, Ex. 22).

### Habeas Corpus Petition – Ohio Supreme Court

On November 6, 2013, petitioner filed a *pro se* petition for writ of habeas corpus with the Ohio Supreme Court, requesting that the criminal case be dismissed on speedy trial grounds. (Doc. 7, Ex. 20). Petitioner claimed that he was not present in court when any of the requests for continuances were granted and that he never agreed to or waived his right to a "fast and speedy trial." (*Id.*). On December 24, 2013, the Ohio Supreme Court *sua sponte* dismissed petitioner's habeas corpus petition without opinion. (*Id.*, Ex. 21).

### Federal Habeas Corpus

Petitioner commenced the instant federal habeas action in January 2014. In the petition, he presents the following grounds for relief:

> **Ground One:** The conviction was obtained by a violation of petitioner[']s Fourteenth Amendment procedural and substantial due process rights that [are] guaranteed by the Fifth and Fourteenth Amendment due process clause.
>
> **Supporting Facts:** The State failed to comply with the mandatory statutory requirements set forth in R.C. 2945.73 when after the 90 day time limit for the State to bring the defendant/appe[ll]ant to trial had expired, on 9/17/12 the 109th day petitioner filed a motion to dismiss for a speedy trial and due process violation, after the State lost jurisdiction to hear and decide the merits of petitioner[']s case, but the State did not release defendant as required.
>
> **Ground Two:** The conviction was obtained by a violation of petitioner[']s Sixth A[]mendment, US Constitution, Section 10, Article 1, Ohio Constitution right to speedy and public trial.
>
> **Supporting Facts:** The defendant was [held] in lieu of bail at the Hamilton County Justice Center from 6/7/12 until 12/7/12, and the defendant filed a motion to dismiss on 9/17/12 which the court did not release defendant as required, because the time was expired. So once I seen that my motion was overlooked I

4

> was induced to take a plea of a lesser charge, and I was scared by the prosecutor to take the plea deal.

(Doc. 1, pp. 5, 7).

Respondent has filed a motion to dismiss the petition. (Doc. 7). Respondent contends that petitioner has waived his claims for relief as a result of his procedural defaults in the state courts and because he entered a guilty plea to the lesser offense of sexual battery. (*Id.*, pp. 5-13). Petitioner opposes respondent's motion to dismiss. (*See* Docs. 8-10).

## II. RESPONDENT'S MOTION TO DISMISS (DOC. 7) SHOULD BE GRANTED

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state defendant with federal constitutional claims must fairly present those claims to the state courts for consideration before raising them in a federal habeas corpus action. *See* 28 U.S.C. § 2254(b)(1), (c); *see also Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971). A constitutional claim for relief must be presented to the state's highest court in order to satisfy the fair presentation requirement. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 848 (1999); *Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99-100 (6th Cir. 1985). If the petitioner fails to fairly present his constitutional claims through the requisite levels of state appellate review to the state's highest court, or commits some other procedural default that prevents a merit-based review of the federal claims by the state's highest court, he may have waived the claims for purposes of federal habeas review. *See O'Sullivan,* 526 U.S. at 847-48; *Harris v. Reed,* 489 U.S. 255, 260-62 (1989); *McBee v. Grant,* 763 F.2d 811, 813 (6th Cir. 1985); *see also Weaver v. Foltz,* 888 F.2d 1097, 1099 (6th

Cir. 1989).

It is well-settled under the procedural default doctrine that the federal habeas court may be barred from considering an issue of federal law from a judgment of a state court if the judgment rests on a state-law ground that is both "independent" of the merits of the federal claim and an "adequate" basis for the state court's decision. *See Harris,* 489 U.S. at 260-62. The Supreme Court has stated:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default, and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Such a default may occur if the state prisoner files an untimely appeal, *Coleman*, 501 U.S. at 750, if he fails to present an issue to a state appellate court at his only opportunity to do so, *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994), or if he fails to comply with a state procedural rule that required him to have done something to preserve the issue for appellate review. *United States v. Frady*, 456 U.S. 152, 167-69 (1982); *Simpson v. Sparkman*, 94 F.3d 199, 202 (6th Cir. 1996).

In this case, petitioner essentially challenges his conviction upon entry of a guilty plea to the lesser offense of sexual battery on the ground that he was denied a speedy trial on the indictment's charges of rape and aggravated burglary. (*See* Doc. 1). As respondent has argued in the motion to dismiss (*see* Doc. 7, Brief, pp. 8-10), although petitioner raised the speedy trial issue in various state-court pleadings, it appears that he committed numerous procedural defaults in the state proceedings and did not provide the Ohio Supreme Court with an opportunity to

consider the merits of his claims. Specifically, petitioner did not file a timely appeal to the Ohio Court of Appeals from the trial court's December 5, 2012 final judgment entry and then failed to appeal the appellate court's denial of his delayed appeal motion to the Ohio Supreme Court. He also did not comply with state procedural requirements for habeas corpus petitions when he filed his initial pre-conviction habeas petition with the Ohio Court of Appeals and then failed to appeal the appellate court's denial of that petition to the Ohio Supreme Court. Finally, petitioner failed to pursue an appeal in the state courts from the trial court's denial of his petitions for state post-conviction relief. The only time that petitioner presented his claims to the state's highest court for consideration was when he filed his post-conviction habeas corpus petition with the Ohio Supreme Court in November 2013. However, the Ohio Supreme Court has held that habeas corpus is not available as a remedy for an alleged speedy trial violation in a case such as this where "it appears that the sentencing court had jurisdiction to render the judgment of conviction" and the petitioner, while represented by counsel, entered a voluntary guilty plea in which he waived "all nonjurisdictional defects in prior stages of the proceeding." *See Ross v. Common Pleas Court of Auglaize Cnty.*, 285 N.E.2d 25 (Ohio 1972) (per curiam); *cf. State v. Kelley*, 566 N.E.2d 658, 661 (Ohio 1991) (and Ohio Supreme Court cases cited therein) (reaffirming that "a guilty plea waives a defendant's right to challenge his conviction on [state] statutory speedy trial grounds"). Because the Ohio Supreme Court lacked jurisdiction to grant petitioner's request for habeas relief, it *sua sponte* dismissed petitioner's habeas application without considering the merits of the underlying speedy trial claims.

Nevertheless, an argument can be made that petitioner has not waived his claims at this juncture, because the remedy of a delayed appeal to the Ohio Supreme Court from the Ohio Court

7

of Appeals' April 24, 2013 denial of his delayed appeal motion may still be available for him to exhaust. However, the exhaustion requirement is not jurisdictional and may be excused under certain circumstances–*i.e.*, in cases where the unexhausted claims are plainly meritless, or the petition does not even raise a colorable federal claim, and it therefore is in the interests of the parties and judicial economy to promptly address the merits of the petition. *See Granberry v. Greer,* 481 U.S. 129, 131 (1987). Moreover, 28 U.S.C. § 2254(b)(2) expressly provides that an application for writ of habeas corpus may be denied on the merits notwithstanding the petitioner's failure to exhaust state remedies.

As respondent has alternatively argued (*see* Doc. 7, Brief, pp. 12-13), and as the Ohio Supreme Court affirmed in *Ross* and *Kelley* and the trial court concluded in denying petitioner's petition for post-conviction relief (*see* Doc. 7, Ex. 19), even assuming that petitioner could pursue further relief in the state courts by way of a motion for delayed appeal to the Ohio Supreme Court, it is clear from the record that he waived his speedy trial claims when he entered the guilty plea to the lesser offense of sexual battery after his motion to dismiss on speedy trial grounds was denied. It is well-settled that an unconditional guilty plea constitutes a waiver of all pre-plea non-jurisdictional constitutional deprivations, including alleged speedy trial violations. *See, e.g., Howard v. White,* 76 F. App'x 52, 53 (6th Cir. 2003) (citing *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *Tiemens v. United States*, 724 F.2d 928, 929 (11th Cir. 1984); *United States v. Yunis*, 723 F.2d 795, 796 (11th Cir. 1984)); *see also Drumm v. Parke,* No. 89-5437, 1990 WL 14045, at *1 (6th Cir. Feb. 16, 1990) (citing same cases in holding that the district court properly dismissed the federal habeas petition because the petitioner's right to a speedy trial, which "is not jurisdictional in nature," was waived upon entry of his guilty pleas in the state court); *Herron v.*

*Kelly*, No. 1:10cv1783, 2013 WL 3245326, at *5 (N.D. Ohio June 26, 2013) (holding that to the extent that the petitioner had asserted a constitutional speedy trial claim, his guilty plea constituted "a waiver of all pre-plea nonjurisdictional constitutional deprivations, ... including speedy trial violations"); *Cannon v. Walton*, No. 1:08cv612, 2010 WL 1253484, at *4 (S.D. Ohio Mar. 4, 2010) (Hogan, M.J.) (Report & Recommendation) (citing Sixth Circuit's *Howard* and *Drumm* decisions, as well as *Washington v. Sobina*, 475 F.3d 162, 166 (3rd Cir. 2007) (and cases cited therein), in holding that the petitioner's speedy trial claim was "non-jurisdictional and waived by an unconditional and voluntary guilty plea"), *adopted*, 2010 WL 1257911 (S.D. Ohio Mar. 30, 2010) (Dlott, J.). *Cf. Hart v. Ohio Adult Parole Authority*, No. 1:12cv698, 2013 WL 3567483, at *11 (S.D. Ohio July 11, 2013) (Bowman, M.J.) (Report & Recommendation) (and cases cited therein), *adopted*, 2013 WL 3983087 (S.D. Ohio Aug. 1, 2013) (Barrett, J.).

In any event, even if this Court were to consider the merits of petitioner's speedy trial claims, it is clear that petitioner would not be entitled to federal habeas relief. This Court has jurisdiction to review the state prisoner's habeas petition only on the ground that the challenged confinement violates the Constitution, laws or treaties of the United States. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* __ U.S. __, 131 S.Ct. 13, 16 (2010) (quoting *Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991)) ("it is not the province of a federal court to reexamine state-court determinations on state-law questions"); *see also Pulley v. Harris,* 465 U.S. 37, 41 (1984). Therefore, to the extent petitioner contends that he is entitled to relief because the trial court failed to comply with time requirements set forth in Ohio's speedy trial statute, his claim is not cognizable in this federal habeas proceeding. *Cf. Wilcher v. Rose*, No. 95-3835, 1996 WL 262951, at *1 (6th Cir. May 16, 1996) (citing *Hutchison v. Marshall*, 744 F.2d 44, 46 (6th Cir. 1984)) (holding that "[t]he district

court properly found that [the habeas petitioner's] speedy trial claim was not cognizable insofar as it was based solely on state law"); *Herron, supra*, 2013 WL 3245326, at *5 (holding that the petitioner's speedy trial claim, which was "premised on his interpretation of his state statutory rights," did not constitute a "cognizable claim for federal habeas relief"); *Younker v. Warden, Chillicothe Corr. Inst.*, No. 1:10cv875, 2011 WL 2982589, at *10 (S.D. Ohio June 24, 2011) (Bowman, M.J.) (Report & Recommendation) (and cases cited therein) (holding that "to the extent petitioner's arguments for relief are based solely on a violation of Ohio's speedy trial statute or other error under Ohio law, he does not present a cognizable federal constitutional claim subject to review in this proceeding"), *adopted*, 2011 WL 2976790 (S.D. Ohio July 22, 2011) (Dlott, J.).

Moreover, to the extent that petitioner has alleged a violation of his Sixth Amendment right to a speedy trial, the record does not support such a claim. The determination whether a constitutional speedy trial violation has occurred involves a balancing of factors: the length of the delay; the reason for the delay; the manner in which the right is asserted; and prejudice suffered by the petitioner. *Barker v. Wingo,* 407 U.S. 514, 530-32 (1972); *see also Doggett v. United States*, 505 U.S. 647, 651 (1992); *United States v. Robinson*, 455 F.3d 602, 607 (6th Cir. 2006); *Wilcher*, *supra*, 1996 WL 262951, at *1. The first factor, the length of delay, determines whether constitutional speedy trial concerns are even triggered. *See Doggett*, 505 U.S. at 651-52; *see also Robinson*, 455 F.3d at 607 ("The first factor is a threshold requirement, and if the delay is not uncommonly long, judicial examination ceases."). Although delays approaching one year are "presumptively prejudicial" and thus satisfy the threshold requirement for review of a speedy trial claim under the four-factor balancing test, *see, e.g., Doggett*, 505 U.S. at 652 n.1; *Robinson*, 455

F.3d at 607, the delay that occurred in this case between the return of the indictment on June 4, 2012 and entry of petitioner's guilty plea on November 29, 2012 was less than six months. Because the length of the delay was not "uncommonly long," petitioner is unable to demonstrate that Sixth Amendment speedy trial concerns are implicated in this case. *Cf. Herron*, *supra*, 2013 WL 3245326, at *6 (holding that the six-month delay between the petitioner's arrest and entry of his guilty plea was not "presumptively prejudicial" and that, therefore, the Court could conclude that the petitioner's constitutional right to a speedy trial was not violated without considering the other three *Barker* factors); *see also United States v. Gardner*, 488 F.3d 700, 719 (6th Cir. 2007) (involving nine-month delay between the indictment and trial date).

Accordingly, in sum, although an argument can be made that the petition should not be dismissed on procedural default grounds because petitioner may not have exhausted a possibly available state-court remedy, it appears clear from the record that petitioner waived any speedy trial claim when he entered his guilty plea on November 29, 2012 in exchange for the reduction of the rape charge to sexual battery, the dismissal of the aggravated burglary count, and an agreed-to prison sentence of 36 months. In any event, it is also clear from the record that petitioner is not entitled to relief based on the merits of the speedy trial claims that he has alleged as grounds for relief in his federal habeas petition. For those reasons, respondent's motion to dismiss (Doc. 7) should be **GRANTED**, and petitioner's habeas corpus petition dismissed with prejudice.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Respondent's motion to dismiss (Doc. 7) be **GRANTED**, and that petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DISMISSED** with prejudice.

2. A certificate of appealability should not issue with respect to the two grounds for relief alleged in the petition, because petitioner has not made a substantial showing that he has stated a "viable claim of the denial of a constitutional right" or that the issues presented in the remaining grounds are "adequate to deserve encouragement to proceed further." *See Slack v. McDaniel,* 529 U.S. 473, 475 (citing *Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4 (1983)); *see also* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

s/Stephanie K. Bowman
Stephanie K. Bowman
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

ARTHUR CAMPBELL,
    Petitioner,

vs

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,
    Respondent.

Case No. 1:14-cv-49

Dlott, J.
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), WITHIN 14 DAYS after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections WITHIN 14 DAYS after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc